IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA MANUEL,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF NEW YORK, et al.,<br><br>    Defendants. | No. C 10-03852 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

    Plaintiff Sheena Manuel brought this action in response to alleged fraud related to the non-judicial foreclosure of real property at 433 Newman Drive, South San Francisco, California 94080. Not. of Removal (Doc. 1) at 1. The case was removed by Defendant Bank of New York ("BONY") to this Court on August 27, 2010 pursuant to 28 U.S.C. §§ 1332 and 1441. Id. Plaintiff makes five state law claims. Three claims are brought against all Defendants: (1) fraud and deceit, (2) negligent misrepresentation, and (3) promise without intention to perform. Id. at 3-5. The remaining two claims are brought against BONY only: (4) imposition of constructive trust and (5) declaratory relief. Id. at 6.

**I.    BACKGROUND**

    Plaintiff's substantive claims rest on her allegation that BONY fraudulently promised to provide a modification to her home loan if she discontinued Chapter 13 bankruptcy proceedings she had initiated which were preventing foreclosure. See id. at 2-6. Plaintiff ceased participating in the Chapter 13 proceeding in reliance on BONY's promise, and the

bankruptcy court dismissed it.  Id.  BONY, however, reneged on its promise to modify Plaintiff's loan and foreclosed.  Id.

BONY moves to dismiss all claims, to strike the prayer for punitive damages, and to expunge the lis pendens.  The Motion to Dismiss (Dkt. 8) is GRANTED because Plaintiff has failed to plead fraud with adequate particularity.  The Court declines to expunge the lis pendens at this time.  Plaintiff is directed to file an Amended Complaint, if she so chooses, on or before December 24, 2010.

## II.     DISCUSSION

Under Rule 12(b)(6), a party may move to dismiss a cause of action that fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949.  A claim has facial plausibility when the pleaded factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  Treadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id.  Despite the requirement that factual allegations in the complaint be taken as true, a legal conclusion couched as a factual allegation need not be accepted.  Id.

Allegations of fraud must meet not only the Iqbal plausibility test but also comport with Rule 9(b).  Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b) (2010).  Allegations of fraud therefore "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba-Geigy Corp. USA, 317 F. 3d 1097, 1106 (9th Cir. 2003) (internal citations omitted).  See also Quintero Family Trust v. One West Bank, F.S.B., No. 09-CV-1561-IEG, 2010 WL 2618729, at *11 (S.D. Cal. Jun. 25, 2010).

Plaintiff alleges:

> In or about late August or early September, 2009, DOE 1, in his capacity as agent or employee of Bank, [] falsely represented to Plaintiff, through her representative, that Bank would agree to modify the loan if she dismissed her Bankruptcy pending. At the time these representations were made, DOE 1 was authorized by Bank to speak on its behalf and/or these representations were later ratified and/or adopted by Bank.

Cmpl. (Doc. 1) ¶ 10.  Plaintiff pleads an approximate date (late August or early September 2009) and the alleged misrepresentation (that the bank would modify her loan if she dropped her Bankruptcy proceeding).  Plaintiff does not, however, state who her representative was, what form the promised modification would take, or even whether the communication between BONY and Plaintiff's representative was oral or written.  Nor does she allege how DOE 1 was authorized to speak on BONY's behalf or how BONY may otherwise have ratified or adopted DOE 1's statements.  See Cmpl. (Doc. 1) at 3.  The level of detail Plaintiff has provided is simply not sufficient under Rule 9(b).  See Vess, 317 F.3d at 1106.

### III.  Conclusion

Plaintiff has not satisfied the Rule 9(b) pleading standard for fraud.  Accordingly, her claims are DISMISSED without prejudice.  Plaintiff shall file an Amended Complaint on or before December 24, 2010.  The Court declines to expunge the lis pendens at this time.

**IT IS SO ORDERED.**

Dated:  December 6, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2010\3852\Order granting MTD.wpd                3